UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-197-TBR

GREGORY RICHARDS,                                                                    PLAINTIFF

v.

ROBERT SPEER,
ACTING SECRETARY OF THE ARMY,                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case comes before the Court upon motion by Defendant Robert Speer ("Defendant") for a partial dismissal of Plaintiff Gregory Richards' ("Plaintiff") claims against him. [DN 19.] Plaintiff has responded, [DN 24], and Defendant has replied. [DN 27.] This matter is ripe for adjudication. For the following reasons, Defendant's motion is **GRANTED in part and DENIED in part.**

### I. Background

Plaintiff is a United States Army employee, currently working at Fort Campbell, Kentucky. [DN 19, at 1.] In his Complaint, Plaintiff alleges that, from 2009 to 2012, various incidents occurred in his workplace, which have given rise to his present lawsuit for violations of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.* Specifically, Plaintiff has alleged race and sex discrimination, as well as retaliation, arising out of at least nine separate incidents, described below.

**January 2009.** Plaintiff alleges in his Complaint that in January 2009, Fran Ripley, an Asian-American female employee, was hired by the Army and assigned as a GS-12 Budget Analyst (0560). [DN 1, at 3.] Plaintiff further alleges that this vacancy was never announced. [*Id.*]

**April 2009.** Plaintiff next alleges that in April 2009, he was transferred to Fort Campbell from Virginia, and was reassigned from his old position as a Budget Analyst (0560) to a Financial Management Analyst (0501) because of personnel shortages. [*Id.*] Plaintiff claims he did not desire this reassignment because it limited his opportunities for advancement. [*Id.*] However, he goes on to state that Pamela Lowery, the individual who initiated his transfer, told him that the new position would not hinder his advancement opportunities and that if he did not enjoy the position, he could look for a different one. [*Id.*]

**October 2009.** Plaintiff alleges that in October 2009, Ripley was reassigned as a Supervisory Budget Analyst (0560). [*Id.*]

**November 2009.** Plaintiff alleges that in November 2009, Althea Fulcher, a Caucasian female, was reassigned from her position as a GS-11 Financial Management Analyst (0501) to the position of GS-11 Budget Analyst (0560). [*Id.*] According to Plaintiff, this meant that she was leaving the department that was supposedly short-handed and moving to the position he had been forced to vacate in April of that year. [*Id.*]

**December 2009.** Plaintiff alleges that in December 2009, Vicky Choate, a Caucasian female, was chosen to fill Ripley's previous position as a GS-12 Budget Analyst (0560). [*Id.*]

**January 2010.** Plaintiff alleges that in January 2010, the new Budget Officer, Rodney King, selected Fulcher to become the new GS-12 Supervisory Budget Analyst (0560). [*Id.* at 4.]

**March 2010.** Plaintiff alleges that in March 2010, Lowery "brought over another GS-12, Rita Stacey," a Caucasian female. [*Id.* at 3.] Plaintiff alleges that this vacancy was never announced. [*Id.*]

**May 2010.** Plaintiff alleges that in May 2010, Dennis Jablonske, a Caucasian male, was selected as the new GS-12 Financial Management Analyst (0501). Plaintiff also claims that this

was the first complaint he filed based on race discrimination and "being more qualified." [*Id.* at 4.] Plaintiff goes on to provide that he "had been assigned to this organization for ten years at this point…." [*Id.*]

**February 2012.** Plaintiff alleges that in February 2012, Angela Solorzano, a Caucasian female who was previously a GS-11 trainee, was given the GS-12 Budget Analyst position. [*Id.*] Plaintiff claims that this provided the basis for his second complaint for race and gender discrimination and retaliation. [*Id.*]

**September 2012.** Plaintiff alleges that in September 2012, Laura Garvin, a Caucasian female, was given a Supervisory Budget Analyst position. [*Id.*]

It is unclear exactly which vacancies that Plaintiff applied for. His Complaint states that, as of January 2010, he "had applied for every vaca[nt] position to obtain my GS-12 [except] for one and the 2 that were never announced." [*Id.*] Plaintiff essentially claims that he has been passed over for promotions on numerous occasions, and alleges race and gender discrimination, as well as retaliation, all in violation of Title VII of the Civil Rights Act of 1964. In his prayer for relief, Plaintiff asks for an immediate promotion to GS-12 and back-pay from this Court's determination regarding when his first promotion was denied. [*Id.* at 5.] He is proceeding *pro se*, and also asks this Court for attorney fees. [*Id.*]

## II. Legal Standard

Defendant's instant partial motion to dismiss seeks to dismiss some of Plaintiff's claims based upon lack of subject matter jurisdiction and others based upon a failure to state a claim upon which relief can be granted.

3

## A. Pre-May 2010 Claims & The May 2010 Discrimination Claim

Defendant seeks to dismiss all of Plaintiff's pre-May 2010 claims due to a failure to exhaust administrative remedies, and his May 2010 discrimination claim as time-barred.

### 1. 12(b)(1) Legal Standard

Defendant moves to dismiss all of Plaintiff's pre-2010 claims and his May 2010 discrimination claim pursuant to Federal Rule of Civil Procedure 12(b)(1). As the Supreme Court has made clear, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…, which is not to be expanded by judicial decree…." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, "[i]t is to be presumed that a cause lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction…." *Id.* (internal citations omitted).

Rule 12(b)(1) provides that a party to a lawsuit may file a motion asserting that the court lacks "subject matter jurisdiction" over the case. "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co. v. Leb.*, 501 F.3d 534, 537 (6th Cir. 2007), and "may be raised at any stage in the proceedings." *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). Where the Motion makes a factual attack, the Court must "weigh

the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In such a case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Conversely, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## 2. Discussion

### i. Failure to Exhaust: Pre-May 2010 Claims

Defendant claims that all of Plaintiff's pre-2010 claims must be dismissed because Plaintiff failed to exhaust his administrative remedies. As an initial matter, the Court must address the affidavit attached to Defendant's instant motion, as well as additional attached documents detailing Plaintiff's journey through the EEOC process with respect to his current claims. The affidavit of Equal Employment Opportunity ("EEO") Director Gregory Stallworth ("Stallworth") and the other EEOC-related documents were not included in or attached to Plaintiff's Complaint. However, Stallworth's affidavit directly concerns Plaintiff's EEO activity with respect to his discrimination and retaliation claims, the timing of these issues, and various dispositions along the way. As Plaintiff is bringing a Title VII claim relating to these very events, the Court finds that there are sufficient references in the Complaint and, further, that the

5

information is central to the claims contained therein. *See Bassett*, 528 F.3d at 430. Also, the actual Army and EEOC documents detailing the precise timeline and substance of the events which have, at least in part, given rise to issues central to Plaintiff's claims, fall within that which the Court may consider without converting the motion into one for summary judgment. Thus, the Court relies in part on these documents in reaching its dispositions below.

"The administrative filing requirement that a Title VII plaintiff exhaust her administrative remedies, while not jurisdictional, is a necessary prerequisite to filing a discrimination suit in federal court. *Nelson v. General Elec. Co.*, 2 F. App'x 425, 427-28 (6th Cir. 2001) (citing *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992) ("A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted."). Crucially, 29 C.F.R. § 1614.105(a) requires that "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." Moreover, as stated in (a)(1) of that regulation, "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."

From the filings, the Court finds that Plaintiff's initial contact with the EEO office at Fort Campbell was on May 25, 2010, at which time he stated a complaint regarding his being passed over for a GS-12 Supervisory Financial Management Analyst position. [DN 19-2, at 1.] Apparently, Jablonske was chosen for the position instead. [DN 1, at 4.] With respect to this incident, Plaintiff eventually filed a formal EEO complaint on the matter on July 23, 2010. [DN 19-2, at 2.] Defendant argues in the instant Motion that all pre-May 2010 instances of alleged

discrimination and/or retaliation must be dismissed by the Court due to a failure by Plaintiff to exhaust his administrative remedies. The Court agrees.

According to Plaintiff's Complaint, the pre-May 2010 employment issues he alleges were either discriminatory, retaliatory, or both, were in January 2009, October 2009, November 2009, December 2009, January 2010, and March 2010. These were incidents, laid out in detail above, where Plaintiff was allegedly either passed over for positions, failed to learn of positions because no vacancy announcements were made, or was otherwise not selected for discriminatory or retaliatory reasons. The most recent occurrence from this list was on March 1, 2010. This was approximately 85 days before Plaintiff made initial contact with the EEO office at Fort Campbell on May 25, 2010. Obviously, this falls well outside the 45-day limit imposed by 29 C.F.R. § 1614.105(a)(1). And again, in Plaintiff's Complaint he notes that he lodged his *first* complaint with the EEO office in July 2010 after the alleged discriminatory selection of Jablonske in May 2010.

Moreover, in Plaintiff's Response to Defendant's instant Motion, he does not refute Defendant's characterization of the timeline, nor does he allege that he reached out to the EEO office at Fort Campbell, or anywhere else, before the above-referenced incident. *See Taylor v. Donahoe*, 452 F. App'x 614, 619 (6th Cir. 2011) (upholding the district court's dismissal for failure to state a claim where it was found from the pleadings that the plaintiff failed to initiate contact within the 45-day period required); *see also Steiner v. Henderson*, 354 F.3d 432 (6th Cir. 2003) (affirming the Rule 12(b)(6) dismissal by the district court of a plaintiff's gender discrimination claim where she failed to file that "claim with an Equal Employment Opportunity Commission…officer within forty-five days of the alleged discriminatory occurrence, as required by 29 C.F.R. § 1614.105(a)(1)."). As such, the January 2009, October 2009, November

2009, December 2009, January 2010, and March 2010 claims must be dismissed for failure to exhaust administrative remedies, because the pleadings and attachments to Defendant's instant Motion make clear that Plaintiff did not make contact with anyone from the EEO office within forty-five days of these incidents.

### ii. Time Barred: May 2010 Discrimination Claim

Defendant next contends that Plaintiff's claim of discrimination relating to the selection of Jablonske as a GS-12 Financial Management Analyst (0501) on May 17, 2010, must be dismissed as time-barred. "Federal employees must file a civil action for discrimination '[w]ithin 90 days of receipt of final action' by the agency." *Rembisz v. Lew*, 830 F.3d 681, 682 (6th Cir. 2016) (quoting 42 U.S.C. § 2000e-16(c)). In *Rembisz*, the plaintiff "fail[ed] to obtain several sought-after promotions, [and he] filed an administrative charge of discrimination on February 14, 2012, claiming an ongoing pattern and practice against his sex (male) and race (Caucasian) or color (white)." *Id.* (internal quotation marks omitted). His employer, the Department of Treasury, rejected the claims. *Id.* After this rejection, the plaintiff filed a complaint in federal court on June 21, 2013. *Id.* However, the Record reflected that the plaintiff had received notice of the Department of Treasury's final decision on March 22, 2013, ninety-one days before he filed his lawsuit. *Id.* Thus, his discrimination claim was time-barred and dismissed. *Id.*

Similarly, the Court finds that Plaintiff's discrimination claim relating to his non-selection for the position of Financial Management Analyst on May 17, 2010 is time-barred. Although *Rembisz* involved a motion for summary judgment and not a Rule 12(b)(1) or 12(b)(6) motion to dismiss, the result is the same here. This was a singular event, occurring on May 17, 2010, and Plaintiff filed his initial formal complaint with the EEO office on July 23, 2010. [DN 19-2, at 4.] The Army issued its final decision dismissing Plaintiff's formal complaint on January

13, 2013. [*Id.* at 13.] Plaintiff then appealed the Army's final decision on March 5, 2013, [*id.* at 39], and the EEOC affirmed the Army's decision in a filing dated April 15, 2015. [*Id.*] Consistent with the Sixth Circuit's decision in *Rembisz*, this Court "presume[s] that notice is given, 'and hence the ninety-day limitations term begins running, on the fifth day following the [] mailing of [a right-to-sue] notification to the claimant.'" *Rembisz*, 830 F.3d at 682 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000)). Additionally, the Sixth Circuit has held that "[t]he actual receipt of a right-to-sue letter by the charging party is not required to start the 90-day limitations period." *Brown v. Hyperion Seating Corp.*, 194 F.3d 1311, 1999 WL 801591, at *2 (6th Cir. 1999). "Everyone, '[e]ven uncounseled litigants must act within the time provided by statutes and rules.'" *Truitt v. Cnty. Of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998) (quoting *Williams-Guice v. Bd. Of Educ. Of City of Chicago*, 45 F.3d 161, 164 (7th Cir. 1995)); *see also Williams v. Sears, Roebuck and Co.*, 143 F. Supp.2d 941, 945 (W.D. Tenn. 2001) (explaining that "Title VII's ninety day period applies to pro se plaintiffs, and even one day's delay is fatal to a claim.").

Here, this means that the Court presumes that the ninety-day period began to run, at the latest, on April 20, 2015. This date marks five days after the EEOC's final decision in Plaintiff's case. Consequently, if Plaintiff wished to pursue a discrimination claim arising from the May 2010 incident, he was required to bring such action no later than July 19, 2015. However, Plaintiff's Complaint in this case was not filed until September 11, 2015. [DN 1.] Moreover, Plaintiff raised no argument in his Complaint or in his Response to the instant Motion that he did not receive notice from the EEOC, or that notice was delayed in getting to him, that equity demands tolling of the timeliness requirement, or that he acted within the 90-day requirement. This Court agrees with the characterization of the issue made by the Western District of

Tennessee: "[i]f the undisputed facts and/or the record evidence viewed most favorable for the plaintiff, demonstrates as a matter of law that the plaintiff commenced her lawsuit beyond the ambit of limitations, in the absence of waiver, estoppel, or compelling justification or excuse which tolled limitations…, a summary dismissal of the complaint should be sustained." *Williams*, 143 F. Supp.2d at 944 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393-94 (1982), *Mounts v. Grand Trunk Western R.R.*, 198 F.3d 578, 580 (6th Cir. 2000), and *Graham-Humphreys*, 209 F.3d at 557 n.8). Plaintiff missed the ninety-day deadline and his discrimination claim arising from the May 2010 incident must be dismissed by this Court as time-barred.

### B. Plaintiff's Remaining Claims at Issue

Lastly, Defendant argues that Plaintiff's retaliation claims relating to the February 2012 and September 2012 incidents should be dismissed for failure to state a claim upon which relief can be granted.

### 1. 12(b)(6) Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Importantly, "[w]hen considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Thus, "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the motion should be denied. *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989).

"However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The concept of "plausibility" denotes that a complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The element of plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But where the court is unable to "infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 1950 (internal quotation marks omitted).

### 2. Discussion

Under Title VII, a plaintiff "may establish retaliation either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation." *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 543 (6th Cir. 2008). As explained in *Imwalle*, "[d]irect evidence is that evidence which, if believed, requires no inferences to conclude that unlawful retaliation was a motivating factor in the employer's

action." *Id.* at 544. Conversely, where only circumstantial evidence is produced, the *McDonnell* framework is used. Under *McDonnell*,

> [t]he plaintiff has the initial burden…to establish a prima facie case of retaliation by showing" four elements: (1) she was engaged in a protected activity; (2) the defendant had knowledge of her exercise of this protected activity; (3) she suffered adverse employment action, or suffered severe or pervasive retaliatory harassment from a supervisor; and (4) there exists a "causal connection between the protected activity and the adverse employment action or harassment.

*Morris v. Oldham Co. Fiscal Court*, 201 F.3d 784, 792 (6th Cir. 2000).

First, with respect his retaliation claim stemming from the February 2012 incident, Plaintiff states as follows: "On or about February 17, 2012, Angela Solorzano (Caucasian Female) was selected [from] GS11 Trainee to GS-12 Budget Analyst Position. This was my second complaint filed on bases of race, gender[], retaliation, and reprisal for participating in a protective process." [DN 1, at 4.] Plaintiff also explains: "How does a Budget Analyst Trainee out point me when I have been an analyst at the GS-09 and GS-11 level without some kind of prejudices? Ms[.] Solorzano does not have the knowledge in government budget that I have." [*Id.*] Second, with respect to the retaliation claim stemming from the September 2012 incident, Plaintiff alleges that he believes he has more experience in budgetary matters, as well as other areas of expertise the job required, than the individual chosen instead of him: Laura Garvin. [*Id.*]

In examining whether Plaintiff has stated a claim upon which relief can be granted pursuant to Rule 12(b)(6), this Court keeps in mind the following maxim: complaints filed *pro se* are "to be liberally construed," which means that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Notably though, this Court is not "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 521

(1972)). This means that, even where a layperson proceeds *pro se*, their "complaint must contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Here, the Court finds that Plaintiff has sufficiently pled facts regarding these two retaliation claims to survive Defendant's Rule 12(b)(6) motion to dismiss. Defendant's motion focuses on the "causal connection" prong of a prima facie case of retaliation. Construing Plaintiff's Complaint liberally, per *Erickson*, 551 U.S. at 94, the Court finds that Plaintiff has set forth sufficient facts regarding the causal connection. Specifically, while Defendant was correct in pointing out that mere temporal proximity is typically insufficient to establish a causal connection, [DN 19-1, at 9 (citing *Balmer v. HCA, Inc.*, 471 F.3d 588, 615 (6th Cir. 2006))], that is not all that Plaintiff provided in his Complaint. With respect to both the February 2012 and September 2012 incidents, Plaintiff also details how he was apparently more qualified for each of the promotions for which he was passed over. Thus, even setting aside the attenuated timeline between Plaintiff's protected activity and the adverse action he suffered, he has drawn a line between the two by alleging to the Court and opposing counsel that he was objectively more qualified for each position and was still not given the promotions as a result of his having filed an EEOC complaint. Taking these allegations as true, as is required for purposes of a Rule 12(b)(6) motion, the Court finds that this is sufficient at this stage in the litigation to survive, and Defendant's motion must be denied with respect to the two 2012 retaliation claims.

Although Plaintiff does not explicitly list his claims for gender and race discrimination and retaliation individually, after reviewing the filings in this case, the Court views Plaintiff's remaining claims as follows: race and gender discrimination claims relating to the February 2012 incident and the September 2012 incident, and retaliation claims for those same two incidents.

## IV. Conclusion

For the reasons stated herein, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Partial Motion to Dismiss [DN 19] as to all of Plaintiff's claims arising from incidents before May 2010 is **GRANTED.**

2. Defendant's Partial Motion to Dismiss [DN 19] as to Plaintiff's May 2010 discrimination claim is **GRANTED.**

3. Defendant's Partial Motion to Dismiss [DN 19] as to Plaintiff's 2012 retaliation claims is **DENIED.**

**IT IS SO ORDERED.**

cc: Counsel of Record

cc: Gregory Richards, *pro se* Plaintiff
P.O. Box 822
Fort Campbell, KY 42223